IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

REGINALD McCLAIN                                                                PETITIONER

VS.                                                          CIVIL ACTION NO. 3:16cv956-DPJ-FKB

WARDEN L. SHULTS                                                               RESPONDENT

### REPORT AND RECOMMENDATION

This is an action brought by a federal prisoner pursuant to 28 U.S.C. § 2241. Reginald McClain is currently serving a 188-month sentence for a drug offense and is housed at the Federal Correctional Complex in Yazoo City, Mississippi. In his petition, he argues that his sentence was improperly enhanced under the career offender provisions of the sentencing guidelines. He also makes this same argument in a motion for declaratory and/or injunctive relief. The undersigned recommends that the motion be denied and that the petition be dismissed.

Reginald McClain was convicted in the United States District Court for the Middle District of Georgia after pleading guilty to drug crimes in violation of 21 U.S.C. § 846. He was sentenced as a career offender under sections 4B1.1 and 4B2.2 of the United States Sentencing Guidelines to 262 months and five years of supervised released. He subsequently filed a motion to vacate pursuant to § 2255 based upon the Fair Sentencing Act of 2010, which removed certain mandatory minimum sentencing requirements. The motion was granted, and McClain was resentenced as a career offender to 188 months and five years supervised release.

Generally, the proper vehicle for challenging a conviction or sentence is a motion under 28 U.S.C. § 2255 in the court of conviction, not a § 2241 action in the district of

incarceration. *Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997) (errors occurring before or during sentencing should be attacked pursuant to § 2255, not § 2241). McClain argues that he may nevertheless proceed under § 2241 because his claims fall under the "savings clause" exception of § 2255, which allows a prisoner to resort to § 2241 if he establishes that a remedy under § 2255 is inadequate or unavailable. *See* 28 U.S.C. § 2255(e). A remedy is inadequate if a petitioner's claim (1) is based upon a retroactively applicable Supreme Court decision establishing that he may have been convicted of a nonexistent offense and (2) was foreclosed by circuit law at the time when the claim should have been raised in his trial, direct appeal, or first § 2255 motion. *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001). McClain's position is that he may claim the benefits of the savings clause because his attack on his sentence enhancement is based upon a newly-recognized, retroactively-applicable rule of law set forth in *Mathis v. United States*, 136 S.Ct. 2243 (2016).

    McClain's sole claim is that the prior convictions used to support his career offender enhancement under the sentencing guidelines did not qualify as enhancers and that his sentence is therefore invalid. It is, however, well-established in the Fifth Circuit that claims relating to sentence enhancement determinations do not fall within the savings clause and are not cognizable under § 2241. *See, e.g.*, *In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2010) (claim that petitioner was actually innocent of career offender enhancement did not satisfy savings clause); *Padilla v. United States*, 416 F.3d 424, 426-27 (5th Cir. 2005) (claim that sentence was improperly enhanced did not meet requirements of savings clause); *Kinder v. Purdy*, 222 F.3d 209, 213-14 (5th Cir. 2000)

(claim that petitioner was not a career offender under sentencing guidelines did not fall within savings clause).  Because McClain cannot challenge his sentence enhancement pursuant to § 2241, the petition should be dismissed.

Accordingly, the undersigned recommends that McClain's motion be denied and that the petition be dismissed with prejudice.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 17th day of January, 2018.

<u>s/ F, Keith Ball</u><br>
United States Magistrate Judge